(946 P.2d 98)
No. 77,051

STATE OF KANSAS, *Appellee*, v. LENORA L. WILLIAMS, *Appellant*.

Opinion filed October 10, 1997.

*Ryan Kipling Elliot*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for the appellant.

*Steven J. Obermeier*, assistant district attorney, *Paul J. Morrison*, district attorney, and *Carla J. Stovall*, attorney general, for the appellee.

Before RULON, P.J., LEWIS, J., and JOHN E. SANDERS, District Judge, assigned.

LEWIS, J.: In 1995, defendant Lenora Williams pled guilty to one count of forgery, a felony, and one count of attempted possession of marijuana, a misdemeanor. She was sentenced to 10 months in prison on the forgery charge and 90 days in the county jail on the marijuana charge. She was then granted probation from the sentences.

In 1996, a motion was filed to revoke her probation. The trial court conducted a hearing on the motion and found that defendant had violated her probation by failing to report 27 times, failing to comply with the recommendations of an evaluation, and failing to maintain full-time employment. Based on these violations, the court revoked defendant's probation, and she was ordered to serve the original sentences.

Defendant first argues that her probation revocation was not in conformity with due process because the judge did not set out the reasons for the revocation in writing. We disagree.

*Gagnon v. Scarpelli*, 411 U.S. 778, 786, 36 L. Ed. 2d 656, 93 S. Ct. 1756 (1972), holds that due process on a probation revocation requires a written statement by the factfinder as to the evidence relied upon and the reasons for the revocation.

In this case, defendant was present at all times during the probation revocation hearing. She was represented by counsel and had the opportunity to be heard, present evidence, call witnesses, and cross-examine adverse witnesses. There is no possibility that the trial court's failure to state the reasons for its decision in the journal entry could have prejudiced the defendant's substantial rights.

In the journal entry, the trial judge stated that defendant's probation revocation was based on the "evidence presented." However, in announcing his decision on the record at the hearing to revoke probation, the trial judge stated all of the specific reasons for his actions. These reasons are clearly discernible from a reading of the record.

While the better practice might be to list the specific reasons for revocation and the evidence thereon in the journal entry, the failure to do so in this case did not deprive defendant of due process. She had all the due process available to her, and the fact that she is incarcerated is her fault alone.

In addition to the above, if there was error in failing to list the reasons for revocation in the journal entry, it was technical error at best. As we have pointed out above, defendant's substantial rights were not prejudiced in any way and, even assuming error, we consider it harmless and not reversible. See *State v. Denney*, 258 Kan. 437, 444-45, 905 P.2d 657 (1995).

Finally, the defendant argues that the trial court erred in failing to consider placing her in the Labette Correctional Conservation Camp (LCCC) pursuant to K.S.A. 1996 Supp. 21-4603d(a), which provides in part:

"[P]rior to revocation of a nonprison sanction of a defendant whose offense is classified in the presumptive nonprison grid block of either sentencing guidelines grid . . . , the court *shall consider* placement of the defendant in the Labette correctional conservation camp. Pursuant to this paragraph the defendant shall not be sentenced to imprisonment if space is available in the conservation camp and the defendant meets all of the conservation camp's placement criteria unless

the court states on the record the reasons for not placing the defendant in the conservation camp." (Emphasis added.)

Defendant's criminal history and crime severity level placed her in a presumptive nonprison block on the sentencing grid. In such a case, the statute says that the district court *shall consider* placement in LCCC.

It is apparent that in this case the trial court was required by law to at least *consider* placing defendant in LCCC prior to the revocation of defendant's nonprison sanction of probation. The trial court failed to do so.

We hold that under the mandatory provisions of K.S.A. 1996 Supp. 21-4603d(a), a trial court is required, prior to the revocation of a nonprison sanction of a defendant whose offense is classified in the presumptive nonprison grid block of either sentencing guidelines grid, to consider placement of the defendant in LCCC on the terms set forth in the statute. A failure to do so will require this court to reverse the revocation and remand the matter for a new hearing.

The revocation of defendant's probation is set aside, and the matter is remanded for a new hearing in accordance with this opinion.

Reversed and remanded.