(953 P.2d 1059)

No. 78,781

STATE OF KANSAS, *Appellee*, v. GALE W. BILLINGTON, a/k/a DARYL W. PIERCE, *Appellant*.

Opinion filed January 30, 1998.

*Ryan Kipling Elliot* and *Lisa Nathanson*, assistant appellate defenders, and *Jessica R. Kunen*, chief appellate defender, for the appellant.

*Charles R. Reimer*, assistant district attorney, *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, for the appellee.

Before RULON, P.J., LEWIS and PIERRON, JJ.

LEWIS, J.: Defendant Gale W. Billington pled nolo contendere to two counts of burglary, two counts of theft, and one count of forgery. This plea was made as a result of an agreement in which the State agreed to recommend concurring sentences and further agreed to recommend that defendant be placed on probation through community corrections. The State stood by its representations but, at sentencing, the trial court refused to impose the sentences recommended by the parties and, instead, imposed an upward dispositional departure. Defendant appeals from the sentences imposed.

Defendant first argues that the trial court failed to give him proper notice of its intent to depart. We disagree.

Defendant's plea came more than 2 years after the crimes had been committed. The record shows that after defendant was arrested, he was put on house arrest in a halfway house. Defendant then absconded from the halfway house and disappeared. His appearance bond was forfeited, and a warrant was issued for his arrest. Defendant was gone from the jurisdiction from August 1994 to October 1996.

At the time of sentencing, the trial court gave notice of its intent to depart and said: "I'll give everyone notice of intention to depart, for reason being [defendant] being an absconder for over two years, reset the matter to give [defense counsel] an opportunity to respond. Oh, let's see, looks like the 13th would be two weeks. Is that enough time?" Defense counsel responded, "Yes, Your Honor."

The trial court held a hearing at the time of sentencing, and defendant was given ample opportunity to present reasons why the trial court should not depart as it had advised the parties. The trial judge, however, said: "I find [defendant's] behavior shows that he's not amenable to probation. His being gone for two years is a substantial fact and I find it to be [a] compelling reason for departure."

Defendant argues that the trial court's notice was insufficient because it did not state specifically whether a durational or dispositional departure would be given. Defendant relies on K.S.A. 21-4718(b), which provides:

"If the court decides to depart on its own volition, without a motion from the state or the defendant, the court must notify all parties of its intent and allow reasonable time for either party to respond if they request. *The notice shall state the type of departure intended by the court and the reasons and factors relied upon.*" (Emphasis added.)

The emphasized sentence in the statute was not in K.S.A. 1993 Supp. 21-4718(b), which was in effect when defendant committed his crimes. The statute at that time did not require the trial court to state the type of departure intended and the reasons and factors relied upon. The question we must determine is whether the amended statute applies or whether the statute that was in effect at the time the crimes were committed is controlling.

The answer to our question depends upon whether we considered the amendment to the statute to have been procedural or substantive.

"The fundamental rule is that a statute operates prospectively unless its language clearly indicates that the legislature intended it to operate retroactively. [Citation omitted.] An exception to the fundamental rule is that if the statutory change does not prejudicially affect the substantive rights of the *parties* and is merely procedural or remedial in nature, it applies retroactively. [Citation omitted.] Thus, the issue becomes whether the statute is substantive criminal law, which either defines a crime or involves the length or type of punishment." *State v. Sutherland*, 248 Kan. 96, 106, 804 P.2d 970 (1991).

In *State v. Sylva*, 248 Kan. 118, 119, 804 P.2d 967 (1991), the Supreme Court stated: " 'As related to criminal law and procedure, *substantive law* is that which declares what acts are crimes and prescribes the punishment therefor; whereas *procedural law* is that which provides or regulates the steps by which one who violates a criminal statute is punished.' "

We conclude that the sentence added to 21-4718(b) after 1993 was procedural in nature and should have been applied retroactively. The trial court did not strictly comply with the statute because it did not state the type of departure it intended to impose

nor did it adequately explain the factors on which a departure would be based.

While we believe the trial court may have erred on a technical requirement, we conclude that the error was not reversible under the facts shown.

The notice and factors relied upon for a departure sentence need not be perfect but must give adequate notice. *State v. Alderson*, 260 Kan. 445, 466, 922 P.2d 435 (1996).

Approximately 2 weeks prior to sentencing, the trial court advised defendant and his attorney that it was going to depart and that the reason it was going to depart was that defendant had absconded for over 2 years. The trial court specifically asked defense counsel if 2 weeks would be enough time to prepare a response, and counsel answered yes. Under the circumstances, we are at a loss to imagine how a notice could have been any more specific. The presumptive sentence in this case was probation. The trial court intended to order incarceration and so advised defendant. The reasons for the departure were also clearly stated, and defendant knew he had absconded for 2 years and should have known that he was probably going to be punished as a result. We believe that defendant had to have understood that the departure would be based on his recent 2-year absence from the jurisdiction. We also note that he was given a full 2 weeks to prepare his response.

Further, defendant failed to preserve this issue for appeal. Defendant did not object to the notice at the trial level. In *State v. Trimble*, 21 Kan. App. 2d 32, 37-38, 894 P.2d 920 (1995), we held that no reversible error results when notice of intention to depart may not have been given in advance but where the defendant made no objection to the notice at the time of sentencing. In reliance on *Trimble*, we hold that where a defendant fails to object to the notice of departure at the time of sentencing, any issue relative to the departure is not preserved for appeal.

We also note that defendant failed to make a proffer to the court of the evidence he would have presented to refute the departure factors. In *State v. Gideon*, 257 Kan. 591, 621, 894 P.2d 850 (1995), the Supreme Court held that in order for a defendant to successfully assert error based on the trial court's failure to give notice of

the factors it intended to rely on for departure, "[t]he defendant must make some proffer of the evidence he would present (or the argument he would make) to refute the factor before this court will find reversible error." Defendant made no such proffer.

Finally, we conclude that even assuming the trial court's notice of departure may have been lacking and may have been in error, the error was harmless and not reversible.

Defendant next argues that the factors relied upon by the trial court were not substantial and compelling. We disagree.

Our standard of review on departure sentences is well settled:

"In any appeal from a judgment of conviction imposing a sentence that departs from the presumptive sentence prescribed by the sentencing grid for a crime, sentence review shall be limited to whether the sentencing court's findings of fact and reasons justifying a departure are supported by evidence in the record and constitute substantial and compelling reasons for departure. K.S.A. 21-4721(d)." *State v. Mitchell*, 262 Kan. 434, Syl. ¶ 10, 939 P.2d 879 (1997).

"A claim that the departure factors relied upon by the court are not substantial and compelling presents a question of law. [Citation omitted.] The term 'substantial' means something that is real, not imagined, something with substance and not ephemeral. The term 'compelling' implies that a court is forced, by the facts of a case, to leave the status quo or go beyond what is ordinary. [Citation omitted.] 'Substantial evidence is such legal and relevant evidence as a reasonable person might accept as being sufficient to support a conclusion.' [Citation omitted.]

"The court's comments at the time of sentencing govern as to the reasons for departure. [Citation omitted.]" 262 Kan. at 446.

In this case, the trial court announced that it was imposing a dispositional departure because of defendant's behavior of absconding for over 2 years while this case was pending. In addition, the trial court inferred that the absconding defendant was not amenable to probation.

We agree with the trial court. In *Mitchell*, 262 Kan. at 447, the court found the defendant's attitude towards his parole, the defendant's commission of crimes while on parole, and the defendant being an absconder on two occasions were substantial and compelling reasons for departure.

We hold that when a defendant is placed on bond or some other form of pretrial release and subsequently absconds or escapes from his pretrial release and fails to appear for trial on the date sched-

uled, this fact may be used by a trial court as a substantial and compelling reason for departure.

Finally, defendant argues that the trial court erred by failing to consider placing him in the Labette Correctional Conservation Camp.

K.S.A. 1996 Supp. 21-4603d provides, in relevant part:

"Prior to imposing a dispositional departure for a defendant whose offense is classified in the presumptive nonprison grid block of either sentencing guideline grid, . . . *the court shall consider placement of the defendant in the Labette correctional conservation camp.* Pursuant to this paragraph the defendant shall not be sentenced to imprisonment if space is available in the conservation camp and the defendant meets all of the conservation camp's placement criteria unless the court states on the record the reasons for not placing the defendant in the conservation camp." (Emphasis added.)

There is no question that the trial court did not comply with the statute quoted above.

Again, the issue is whether the statute is procedural or substantive. This statute was amended after defendant committed his crime to insert the language on the Labette Correctional Conservation Camp. We hold that the amendment to the statute is procedural in nature and has retroactive application. We note that the amendment requiring the trial court to consider the Labette Correctional Conservation Camp on the record does not set out a new crime or punishment; it merely requires the trial court to follow a certain procedure in sentencing and to make certain findings before ruling out the Labette Correctional Conservation Camp. We conclude that defendant's point on this issue is well taken.

In *State v. Williams*, 24 Kan. App. 2d 447, Syl., 946 P.2d 98 (1997), this court said:

"Under K.S.A. 1996 Supp. 21-4603d(a)(10), a trial court is required, prior to the revocation of a nonprison sanction of a defendant whose offense is classified in the presumptive nonprison grid block of either sentencing guidelines grid, to consider placement of the defendant in the Labette Correctional Conservation Camp in the manner provided in the statute. *A failure to do so will result in a reversal of the revocation and a remand for a new hearing.*" (Emphasis added.)

In this case, we conclude that the trial court was required to consider the Labette Correctional Conservation Camp, and it

failed to do so. As we said in *Williams*, that failure by the trial court requires us to vacate the sentences imposed on defendant and remand the matter for a new hearing at which the trial court shall consider the Labette Correctional Conservation Camp in the manner provided in the statute.

Affirmed in part, vacated in part, and remanded with directions.