(971 P.2d 346)

No. 79,876

No. 79,877

STATE OF KANSAS, *Appellee*, v. JEFFREY A. SCHICK, *Appellant*.

Opinion filed December 4, 1998.

*Lisa Nathanson*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for the appellant.

*Steven J. Obermeier*, assistant district attorney, *Paul J. Morrison*, district attorney, and *Carla J. Stovall*, attorney general, for the appellee.

Before RULON, P.J., PIERRON and MARQUARDT, JJ.

PIERRON, J.: In this direct sentencing appeal, Jeffrey A. Schick appeals the district court's failure to consider placement in the Labette Correctional Conservation Camp (Labette) during his sentencing. Schick was convicted of two counts of aggravated burglary, two counts of burglary, and two counts of aggravated assault. His criminal history classification was 5-H, a border box on the nondrug grid. The court sentenced Schick to 62 months' incarceration.

K.S.A. 1996 Supp. 21-4603d(a) provides that prior to sentencing a defendant to incarceration whose offense is classified in grid blocks 5-H, 5-I, or 6-G of the sentencing guidelines grid for nondrug crimes, the court "shall consider placement of the defendant in the Labette correctional conservation camp." The court in *State v. Billington*, 24 Kan. App. 2d 759, Syl. ¶ 5, 953 P.2d 1059 (1998), stated: "The failure of a trial court to consider placing a defendant in the Labette Correctional Conservation Camp as required by K.S.A. 1996 Supp. 21- 4603d requires that the sentences imposed be vacated and the matter remanded for resentencing." See also *State v. Williams*, 24 Kan. App. 2d 447, Syl., 946 P.2d 98 (1997)

(In a parole revocation, the failure to consider. Labette will result in a reversal of the revocation and a remand for a new hearing.).

The State sets forth two responsive arguments. First, the State argues jurisdiction is lacking in Schick's appeal because the court imposed a sentence within the presumptive sentencing range and therefore his sentence is not subject to appeal. See *State v. Bost*, 21 Kan. App. 2d 560, Syl. ¶ 4, 903 P.2d 160 (1995). Appellate courts are without jurisdiction to consider appeals from a sentence entered for a felony committed after July 1, 1993, where the imposed sentence is within the range of the appropriate border box classification, such sentence of imprisonment or probation is the presumptive sentence for purposes of appeal and is not subject to appellate review. K.S.A. 1996 Supp. 21-4704(a) and (f). ·

Second, the State maintains that even if this court concludes it has jurisdiction, Schick failed to prove that space was available at Labette and that he met all the placement criteria. The State also suggests a harmless error analysis because the court considered placement in a residential treatment center, but found that prison would be more effective for Schick and would serve the community interests better. The State contends the court's comment concerning the residential center applies equally to consideration of Labette.

We are not convinced by the State's harmless error analysis. The statute does not require the defendant to provide the information suggested by the State before the district court considers Labette.

As to the other argument, at sentencing, Schick suggested he could benefit from the residential treatment center in Gardner. The State maintains the district court's reasoning in denying this request applies equally to the court's duty to consider Labette. We disagree. K.S.A. 1996 Supp. 21-4603d(a) does not suggest that consideration of any other treatment center would comport with the mandates of the statute.

The State correctly argues that this court is without jurisdiction to consider a sentence within the presumptive sentencing range for the crime. See K.S.A. 21-4721(c)(1); *State v. McCallum*, 21 Kan. App. 2d 40, Syl. ¶ 3, 895 P.2d 1258, *rev. denied* 258 Kan. 862 (1995). However, a finding that this court is without jurisdiction to

consider whether the district court contemplated Labette before incarcerating a border box defendant would eliminate any type of review of whether the district court followed the mandates of the K.S.A. 1996 Supp. 21- 4603d(a). This cannot be the intent of the legislature. There is a presumption that the legislature does not intend to enact useless or meaningless legislation. *In re Adoption of Baby Boy L.*, 231 Kan. 199, Syl. ¶ 7, 643 P.2d 168 (1982).

K.S.A. 1996 Supp. 21-4603d(a) is very clear concerning the district court's duty to consider Labette in appropriate situations and to note its consideration on the record. Case law supports this duty. See *Billington*, 24 Kan. App. 2d at 764-65; *Williams*, 24 Kan. App. 2d at 449. One of those situations is when the court imposes an imprisonment sentence on a defendant who falls within a nondrug border box classification. We realize consideration of this appeal is seemingly contrary to the jurisdictional provisions outlined in K.S.A. 1996 Supp. 21-4704(f) and *Bost*. However, we feel strict compliance with K.S.A. 1996 Supp. 21-4603d(a) is mandated, and the result is in accordance with *Billington* and *Williams*. Any change in this procedure must come from the legislature.

Schick's sentence is set aside. The matter is remanded for resentencing for the district court to consider Labette.

Reversed and remanded.