(30 P.3d 317)

No. 84,887

STATE OF KANSAS, *Appellee*, v. DANTE O. ADAMS, *Appellant*.

Opinion filed August 10, 2001.

*Libby K. Snider*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for the appellant.

*Boyd K. Isherwood*, assistant district attorney, *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, for the appellee.

Before PIERRON, P.J., MARQUARDT and BEIER, JJ.

PIERRON, J.: Dante O. Adams appeals his conviction by a jury of aggravated escape from custody.

Adams first contends the substitution of judges in this case was improper under K.S.A. 60-263; therefore, his sentence is illegal because Judge Owens lacked jurisdiction to sentence him on the aggravated escape from custody conviction.

Adams was assigned to community corrections after he plead guilty to two counts of burglary and two counts of theft. Judge Owens was the presiding and sentencing judge for disposition of those crimes. However, Judge Ballinger presided over the trial concerning the charge of aggravated escape from custody. Then, Adams appeared before Judge Owens for sentencing in the aggravated escape conviction and for proceedings revoking his assignment to community corrections, which occurred at the same hearing.

Under Kansas statutes, it is not required that the trial judge be the sentencing judge. K.S.A. 22-3424. Any judge of the judicial district is authorized to pronounce sentence on a person convicted of a crime in that district. See *State v. Ruff*, 252 Kan. 625, 628-29, 847 P.2d 1258 (1993); *State v. McDonald*, 250 Kan. 73, 81, 824 P.2d 941 (1992); *State v. Blackmore*, 249 Kan. 668, 672, 822 P.2d

49 (1991); *State v. Sweetin*, 134 Kan. 663, 670, 8 P.2d 397 (1932). No error is found in Judge Owens sentencing Adams for the aggravated escape from custody conviction.

Further, Adams was sentenced within the presumptive sentencing range for the crime he committed. Pursuant to K.S.A. 21-4721(c)(1), there can be no appeal from a presumptive sentence. See *State v. Lewis*, 27 Kan. App. 2d 134, 140, 998 P.2d 1141, *rev. denied* 269 Kan. 938 (2000).

Even if we were to apply the disability requirements for substitution of a trial judge found in K.S.A. 43-168, K.S.A. 60-263, or Federal Rule of Criminal Procedure 25(a), we find no reversible error. First, the transcripts of the trial and sentencing hearings reveal that neither Adams nor his counsel objected to a judge other than Judge Ballinger sentencing Adams for aggravated escape from custody. Any party objecting to the substitution of a judge must raise that objection at the first opportunity to do so. The substitution of judges after the verdict has been rendered is not a question of jurisdiction but rather of procedure. Therefore, Adams' failure to object and preserve error on the record resulted in the waiver of his objection. See *State v. Smith*, 268 Kan. 222, 242-43, 993 P.2d 1213 (1999).

Second, the statutes cited by Adams concerning the substitution of judges are based upon the replacement judge's lack of familiarity with the record or the proceedings. K.S.A. 43-168; K.S.A. 60-263; Fed. R. of Crim. Proc. 25(a). Judge Owens was not a stranger to Adams or the crimes providing the underlying felonies for the aggravated escape from custody conviction. Judge Owens was sufficiently familiar with the situation in order to satisfy any of the state or federal statutes cited by Adams for replacement of a judge.

Next, Adams argues the sentencing court failed to consider Labette Correctional Conservation Camp (Labette) after revoking his probation and imposing an incarceration sentence. Adams raises an issue of first impression.

K.S.A. 2000 Supp. 21-4603d(a) provides that prior to imposing a dispositional departure . . . *or prior to revocation of a nonprison sanction of a defendant* whose offense is classified in the presumptive nonprison grid block or the border box grid blocks of

either sentencing guideline grid, the court "shall consider placement of the defendant in the Labette correctional conservation camp." The court in *State v. Billington*, 24 Kan. App. 2d 759, Syl. ¶ 5, 953 P.2d 1059 (1998), stated: "The failure of a trial court to consider placing a defendant in the Labette Correctional Conservation Camp as required by K.S.A. 1996 Supp. 21-4603d requires that the sentences imposed be vacated and the matter remanded for resentencing."

Labette is a minimum security "boot camp," which is authorized under K.S.A. 75-52,132 for young, nonviolent felony offenders. It provides inmates with a highly structured residential work program. See *State v. Benoit*, 21 Kan. App. 2d 184, Syl. ¶ 1, 898 P.2d 653 (1995). For sentencing purposes, under K.S.A. 2000 Supp. 21-4603d(a) a sentencing court must consider sending a defendant to Labette before imposing a prison sentence when the defendant has a presumptive probation or border box classification on either grid. The legislature's theory appears to be that if the sentencing court is going to order an upward dispositional departure, then the court must consider Labette before incarcerating the defendant.

The issue presented is whether the sentencing court is required to consider Labette when revocation of a nonprison sanction is instituted due to the commission of a new felony. K.S.A. 2000 Supp. 21-4603d(a), the same statutory authority requiring consideration of Labette, also provides:

"When a new felony is committed while the offender is incarcerated and serving a sentence for a felony or while the offender is on probation, assignment to a community correctional services program, parole, conditional release, or post-release supervision for a felony, a new sentence shall be imposed pursuant to the consecutive sentencing requirements of K.S.A. 21-4608, and amendments thereto, and the court may sentence the offender to imprisonment for the new conviction, even when the new crime of conviction otherwise presumes a nonprison sentence. In this event, imposition of a prison sentence for the new crime does not constitute a departure."

The only case addressing the situation of the revocation of the nonprison sanction and failure to then consider Labette is *State v. Williams*, 24 Kan. App. 2d 447, 946 P.2d 98 (1997). In *Williams*, the defendant's criminal history and crime severity level placed her

in a presumptive nonprison block on the sentencing grid. She was granted probation, but it was revoked after the evidence showed she had failed to report 27 times, failed to comply with the recommendations of an evaluation, and failed to maintain full-time employment. In revoking the defendant's probation, the sentencing court failed to consider placing her in Labette. The *Williams* court held the sentencing court was required by K.S.A. 1996 Supp. 21-4603d(a) to consider placing the defendant in Labette prior to the revocation of her nonprison sanction of probation. The *Williams* court reversed the revocation and remanded for a new hearing. 24 Kan. App. 2d at 448-49.

Adams' burglary and theft convictions resulted in a sentencing guidelines classification of 7-E on the nondrug grid. His conviction for aggravated escape from custody resulted in a sentencing guidelines classification of 8-E on the nondrug grid. The classifications of 7-E and 8-E are both in the presumptive probation section of the nondrug grid. However, since Adams committed his offense of aggravated escape from custody while on assignment to a community correctional service program, the sentencing court had authority to sentence him to imprisonment despite the nonprison classification of grid box 8-E. See K.S.A. 2000 Supp. 21-4603d(a). Adams' imprisonment sentence for aggravated escape from custody was not a departure and was the imposition of a presumptive sentence. See *State v. Burrows*, 23 Kan. App. 2d 342, Syl. ¶ 1, 929 P.2d 1391, *rev. denied* 261 Kan. 1087 (1997).

The present case is clearly distinguishable from *Williams*. Here, the defendant committed a new felony while on community corrections, while in *Williams*, the defendant failed to follow the procedural terms of her community corrections. We see the difference as paramount. The language in K.S.A. 2000 Supp. 21-4603d(a) concerning commission of a new felony while on community corrections was not applicable in *Williams*. Here, K.S.A. 2000 Supp. 21-4603d(a) eliminates any presumptive probation classification for sentencing of Adams' new felony. To require the trial court to consider sending a defendant to Labette when revoking community corrections for commission of a felony where an imprisonment sentence is a presumptive sentence is not consistent.

We interpret statutes and determine legislative intent in order to make the language of a statute consistent, harmonious and sensible. When construing a statute, all provisions of the statute must be construed together with a view of reconciling and bringing the several provisions into workable harmony if possible. See *State v. Bolin*, 266 Kan. 18, 24, 968 P.2d 1104 (1998). We construe the various provisions of K.S.A. 2000 Supp. 21-4603d(a) to hold that when a defendant's assignment to a community corrections program is revoked because of the commission of a new felony and the defendant is ordered to serve the incarceration portion of his or her sentence, the sentencing court is not required to consider placement in Labette

Last, Adams argues there was insufficient evidence to support his conviction. When the sufficiency of the evidence is challenged in a criminal case, the standard of review is whether, after review of all the evidence, viewed in the light most favorable to the prosecution, the appellate court is convinced a rational factfinder could have found the defendant guilty beyond a reasonable doubt. See *State v. Mason*, 268 Kan. 37, 39, 986 P.2d 387 (1999).

The evidence presented to the jury clearly supported Adams' conviction. Adams signed out from community corrections for a job search on October 6, 1999, at about 12:50 p.m., and he was scheduled to return at 5 p.m. the same day. Adams called at approximately 5 p.m. to request an hour extension because he had missed the bus. Adams did not return to the community corrections facility. Adams was arrested on October 13, 1999, for aggravated escape from custody. Adams stipulated that he was being held in community corrections on a felony conviction.

Aggravated escape from custody in this case required the State to prove the defendant escaped while being held in lawful custody upon a charge or conviction of a felony. K.S.A. 2000 Supp. 21-3810(a)(1). Adams argues that since he had permission to leave and since legitimate reasons existed for "not arriving at the intended destination . . . it was incumbent upon the state to prove more than the bare fact that Mr. Adams left and failed to return in order to prove he had criminal intent to escape." We disagree. Viewing the evidence in the light most favorable to the prosecution,

we find the State presented sufficient evidence for a rational fact-finder to find Adams guilty of aggravated escape from custody. See *State v. Garrett*, 235 Kan. 768, 684 P.2d 413 (1984).

Affirmed.