UNITED STATES of America,
Plaintiff,

v.

Brian C. PRINCE, Defendant.

Nos. 98–20005–KHV, 01–3199–KHV.

United States District Court,
D. Kansas.

Oct. 17, 2001.

Brian C. Prince, Leavenworth, KS, Michael L. Harris, Office of the Federal Public Defender, Kansas City, MO, for Defendant.

Leon J. Patton, Office of the U.S. Atty., Kansas City, KS, for U.S.

## MEMORANDUM AND ORDER

VRATIL, District Judge.

On August 10, 2001, the Court overruled defendant's Petition Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. # 82) filed May 18, 2001. This matter comes before the Court on defendant's Motion For Reconsideration (Doc. # 92) filed August 21, 2001, First Amended Motion For Reconsideration (Doc. # 93) filed September 5, 2001 and Motion To Expand The Record (Doc. # 96) filed September 17, 2001. For reasons set forth below, defendant's motions are overruled.

### Factual Background

On January 21, 1998, a grand jury returned a one-count indictment which

charged defendant with bank robbery in violation of 18 U.S.C. § 2113(a). On September 1, 1998, defendant pled guilty. In the plea agreement, the government agreed to not oppose a three-level reduction for acceptance of responsibility. Defendant's criminal record included Kansas convictions for attempted robbery of a residence, criminal destruction of property and attempted aggravated escape from a halfway house. The presentence investigation report classified these offenses as crimes of violence and proposed a career offender enhancement under U.S.S.G. § 4B1.1. Defendant objected to the proposed enhancement, arguing that he did not have two prior felony convictions which involved crimes of violence. The parties eventually agreed that attempted robbery of a residence qualified as a crime of violence and that criminal destruction of property did not. They differed, however, on whether attempted aggravated escape from a halfway house qualified as a crime of violence under U.S.S.G. § 4B1.1.

The Court continued defendant's sentencing to resolve two issues regarding the attempted aggravated escape and its impact on defendant's classification as a career offender: (1) whether the Court should look only to the statute which defined the offense, or whether the Court should hold an evidentiary hearing to consider the actual facts of the offense; and (2) whether, in order to conclude that the aggravated escape constituted a crime of violence, the Court was required to find

substantial and compelling reasons that aggravating factors would have led the sentence to be enhanced to more than a year under Kansas law.[1]

Meanwhile, on December 21, 1998, while defendant was in federal custody at the United States Penitentiary in Leavenworth, he stabbed another inmate in a dispute over cigarettes. The government disclosed the FBI reports regarding the altercation but stated on January 25, 1999 that it was "not advocating or arguing for a denial of the acceptance of responsibility reduction." See Transcript (Doc. # 73) filed May 11, 1999 at 5:2–4.

Sentencing occurred on February 22, 1999. The Court determined that since defendant had stabbed another inmate, he had not met his burden of showing acceptance of responsibility under U.S.S.G. § 3E1.1. The Court also determined that based on his prior convictions for attempted burglary of a residence and attempted aggravated escape from custody, defendant was a career offender. The Court therefore gave defendant an eight level enhancement and sentenced him to 210 months in custody. Upon learning that he might not get a reduction for acceptance of responsibility, defendant attempted to withdraw his guilty plea—a request which the Court denied.

On March 2, 1999, defendant filed motions for withdrawal of his attorney, appointment of new counsel and a continuance. The Court overruled all three

---

1. The career offender enhancement would only apply if defendant had two prior felony convictions for crimes of violence. The term "crime of violence" means "any offense under federal or state law, punishable by imprisonment for a term exceeding one year" that involves "the use, attempted use, or threatened use of physical force against the person of another, or is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2. If the escape offense was not punishable by at least a year, it would not qualify as a crime of violence and the career offender enhancement would not apply. The Kansas sentencing guidelines allowed a sentence up to 11 months, but they allowed a sentence up to 22 months if substantial and compelling reasons supported a determination that aggravating factors existed. See K.S.A. § 21–4704(d).

motions for lack of jurisdiction. On March 18, 1999, defendant appealed the denial of credit for acceptance of responsibility. On April 19, 1999, the Tenth Circuit granted defense counsel's motion to withdraw and appointed the Federal Public Defender for the District of Colorado to represent defendant on appeal. On February 18, 2000, the Tenth Circuit affirmed defendant's sentence. It held that (1) the government did not violate the plea agreement by giving the Court information about the stabbing; (2) in determining whether defendant had accepted responsibility, the Court did not err in considering conduct which was unrelated to the offense of conviction; and (3) defendant did not meet his burden of showing that he was entitled to credit for acceptance of responsibility. See *United States v. Prince*, 204 F.3d 1021 (10th Cir.2000). On May 15, 2000, the Supreme Court denied defendant's petition for a writ of certiorari. See *Prince v. United States*, 529 U.S. 1121, 120 S.Ct. 1989, 146 L.Ed.2d 815 (2000).

■■■ On May 18, 2001, defendant filed a petition pursuant to 28 U.S.C. § 2255. Specifically, defendant alleged that (1) he was being held under an erroneous and false judgment since the date of the offense on the judgment was not the same as the date of the offense charged in the indictment; (2) he had ineffective assistance of counsel at sentencing because his lawyer was not of sound mind and was easily confused; (3) his escape conviction should not have supported a career offender enhancement; and (4) the Court unjustly denied him a three-level adjustment for acceptance of responsibility. On August 10, 2001, the Court ordered that the judgment be amended to reflect that the date of defendant's offense was November 26, 1997, but otherwise overruled defendant's motion for relief. The Court found that (1) defendant had not shown that ineffective assistance, if it occurred at all, was prejudicial; (2) defendant's claim that he should not have received a career offender enhancement was procedurally barred because he did not present it on direct appeal;[2] and (3) the Court's denial of a credit for acceptance of responsibility was not amenable to collateral attack because the decision had been affirmed on direct appeal. Defendant now seeks reconsideration. In addition, defendant seeks to expand the record to assert claims that (1) the Court should hold an evidentiary hear-

---

**2.** In his Section 2255 reply brief, defendant attempted to assert a new ground for vacating his sentence. Specifically, he argued that counsel was ineffective because he failed to raise on direct appeal the issue whether the Court properly applied the career offender enhancement. Since defendant did not raise this issue in his initial petition, however, the government did not have an opportunity to respond to this allegation. Furthermore, under D. Kan. Rule 9.1(e), "[p]etitions and motions for post-conviction relief ... shall specify all grounds for relief which are available to the petitioner or movant and of which he or she has or by the exercise of reasonable diligence, should have knowledge." As a general rule, the Court will not consider issues raised for the first time in a reply brief. See *Plotner v. AT & T Corp.*, 224 F.3d 1161, 1175 (10th Cir.2000). Therefore the Court did not consider whether counsel was ineffective for failing to raise this issue on direct appeal. Even if defendant had properly presented this issue in his initial Section 2255 petition, defendant would not have been able to meet the prejudice prong of *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Defendant has yet to provide evidence that his state court conviction has been overturned, and he is unlikely to obtain relief based on this argument unless he can provide such evidence. Should defendant prevail in his attempt to get that conviction overturned, he may present that evidence in a Section 2255 petition. See *United States v. Allen*, 24 F.3d 1180, 1187 (10th Cir.1994) (should any of defendant's prior convictions be overturned as unconstitutional, defendant will retain the ability to challenge the enhancement imposed under 28 U.S.C. § 2255).

ing regarding the denial of a credit for acceptance of responsibility and (2) the Court should not have given defendant a two-point enhancement for allegedly making a death threat to a teller.

## Analysis

### I. Motions For Reconsideration

Defendant has filed two motions for reconsideration. On August 21, 2001, he asked the Court to revisit its decision to deny his Section 2255 petition because (1) his inmate law assistant at Leavenworth did not raise the arguments which defendant directed him to address; (2) when defendant's Section 2255 reply brief was due, he was in the Special Housing Unit ("SHU") and could not confirm that his inmate law assistant had filed an amended petition that discussed new case law; and (3) defendant's inmate law assistant made frivolous legal arguments in the Section 2255 petition which undermined the integrity of defendant's meritorious claims. On September 5, 2001, defendant filed an amended motion for reconsideration which argued that he is currently investigating his conviction for attempted aggravated escape. Defendant believes that he will be found innocent and that the conviction will be expunged from his record. Without the conviction for attempted aggravated escape, defendant argues, his sentence is not subject to the career offender enhancement. The government argues that defendant's motions are without merit because he merely seeks to have the Court revisit previously decided issues and does not present any justification for his failure to raise these arguments in his original Section 2255 petition.

 The Court may recognize any one of three grounds justifying reconsideration: an intervening change in controlling law, availability of new evidence, or the need to correct clear error or prevent manifest injustice. See *Major v. Benton*, 647 F.2d 110, 112 (10th Cir.1981); *Burnett v. Western Resources, Inc.*, 929 F.Supp. 1349, 1360 (D.Kan.1996). A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed. See *Voelkel v. General Motors Corp.*, 846 F.Supp. 1482, 1483 (D.Kan.1994). Such motions are not appropriate if the movant only wants the Court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally. See *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir.1991).

 Defendant cites *State v. Gould*, 23 P.3d 801, 814 (2001), which the Kansas Supreme Court decided after he had filed his initial Section 2255 petition. This decision does not constitute an intervening change in the controlling law, however, because defendant raised it in his reply brief to his initial Section 2255 petition.[3] Defendant cites no other changes in the law which might support reconsideration of the Court's decision.

---

**3.** In Gould, the Kansas Supreme Court held that the Kansas scheme for imposing upward departure sentences, embodied in K.S.A. § 21–4716, was unconstitutional on its face. See *State v. Gould*, 23 P.3d 801 (2001). Defendant claims that the Court's denial of a three-level reduction for acceptance of responsibility and career offender enhancement actually constitute an upward departure in violation of Gould because the Court relied on facts which were not submitted to a jury and proven beyond a reasonable doubt. The Court notes, however, that Gould is only retroactive to June 26, 2000—the date the Supreme Court decided *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). See *Gould*, 23 P.3d at 814. The Court entered judgment against defendant on February 25, 1999. For this reason (among others), the Kansas Supreme Court's decision in Gould does not help defendant's cause.

■ Defendant argues that his inmate law assistant did not discuss defendant's belief that his conviction for attempted aggravated escape will be overturned. Defendant provides no substantial or credible explanation, however, for his belief that his conviction will be overturned.[4] Defendant merely states that his legal research specialist has informed him that his conviction is under investigation and he has provided a copy of a document filed with the Johnson County District Court. While evidence that defendant's conviction has been overturned might support reconsideration, a mere possibility that this might occur is insufficient.[5]

Inasmuch as defendant might be asking this Court to review his state court conviction, that possibility is clearly foreclosed by the Supreme Court's recent holding in *Daniels v. United States*, 532 U.S. 374, 121 S.Ct. 1578, 149 L.Ed.2d 590 (2001) (defendants receiving enhanced sentences under Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e) generally may not attack state court convictions via Section 2255 petitions).[6]

■ Essentially, the remainder of defendant's argument is that the inmate law assistant who prepared his initial Section 2255 petition did not do so adequately and that defendant should therefore have another opportunity to make arguments based on those claims. Regardless of who prepared his Section 2255 petition defendant adopted it as his own. Furthermore, by signing the petition, defendant certified that the legal claims which it contained were warranted and that the allegations had evidentiary support.[7]

4. Defendant argues that the Tenth Circuit decision in *United States v. Cox*, 83 F.3d 336 (10th Cir.1996), supports his argument that reversal of his state court conviction will mandate re-sentencing. In Cox, the Tenth Circuit ordered the district court to re-open defendant's sentence after he provided evidence that four of the convictions relied upon to determine his criminal history category had been overturned. An important distinction between defendant's case and Cox, however, is that no state court has overturned defendant's conviction in this case.

5. Defendant argues that his conviction for attempted aggravated escape is invalid because he escaped from a live-in treatment program which was a condition of probation. Defendant argues that a live-in treatment program does not constitute "custody" for purposes of attempted aggravated escape. The Court notes, however, that the Kansas courts are likely to find that post-sentencing probation in a live-in treatment facility constitutes "custody." The definition of custody under Kansas law specifically includes "detention in a hospital or other facility pursuant to court order, imposed as a specific condition of probation or parole." K.S.A. § 21–3809. In *State v. Garrett*, 235 Kan. 768, 684 P.2d 413 (1984), defendant checked out of a nonsecured, residential community corrections center on a job-seeking furlough and failed to return at the assigned time. The Kansas Supreme Court held that this constituted aggravated escape under K.S.A. § 21–3810. *Id.* at 775, 684 P.2d at 418–19; see also *State v. Adams*, 30 P.3d 317, 320 (Kan.App.2001) (failure to return to community correction center after job search constituted aggravated escape).

6. The Court notes, however, that neither Daniels or Curtis exclude the possibility that defendant could attack a state court conviction in the rendering jurisdiction and, if successful, apply for reopening of his federal sentence. See *Daniels*, 121 S.Ct. at 1583, 121 S.Ct. 1578.

7. Defendant did not sign his Section 2255 reply brief. Under Fed.R.Civ.P. 11(a), "[a]n unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party." In its response to defendant's motion to expand the record, the government brought this error to the Court's attention. Subsequently, defendant filed a reply brief to his motion to expand the record, which is signed, that expressly states that he put the Section 2255 reply in the mail. The Court therefore finds that defendant has adopted the Section 2255 reply as his own.

See Fed. R. Civ. 11(b); see also *Bus. Guides, Inc. v. Chromatic Communications Enter., Inc.*, 498 U.S. 533, 543–44, 111 S.Ct. 922, 112 L.Ed.2d 1140 (1991) ("A signature certifies to the court that the signer has read the document, has conducted a reasonable inquiry into the facts and the law and is satisfied that the document is well grounded in both, and is acting without any improper motive."). Defendant cannot disown his petition because he has decided in retrospect that it was insufficient. Defendant's desire to dress up arguments that previously failed does not justify reconsideration. Defendant's motions for reconsideration are therefore denied.

## II. Motion To Expand The Record

Defendant has also filed a motion to expand the record. Apparently defendant wishes to add two claims to his motion for reconsideration: (1) to attack the effectiveness of appellate counsel regarding the denial of credit for acceptance of responsibility and (2) to challenge the adjustment for making a death threat to the bank teller in the underlying conviction in this case. Defendant raises these issues for the first time in his motion to expand the record. As noted above, under D. Kan. Rule 9.1(e), "[p]etitions and motions for post-conviction relief ... shall specify all grounds for relief which are available to the petitioner or movant and of which he or she has or by the exercise of reasonable diligence, should have knowledge."

■ As to defendant's second point, the record reveals that defendant contested the two-point adjustment when it first appeared in his presentence report. See Disputed Issues In Presentence Report (Doc. # 40) filed November 24, 1999 at 3–4. Defendant had actual knowledge of this issue and he provides no reason, much less a meritorious reason, for his failure to raise it in his initial Section 2255 petition. Furthermore, on the merits, defendant merely asserts that counsel should have contested the death threat adjustment. Counsel did contest the adjustment and the Court is therefore unclear as to the nature of defendant's claim on this issue.

■ Regarding the first point, defendant argues that appellate counsel was ineffective in two ways: (1) he did not seek a remand from the Tenth Circuit for this Court to conduct a limited evidentiary hearing concerning defendant's attack on the other inmate pending sentencing; and (2) he did not argue that unrelated criminal conduct may not support a denial of a credit for acceptance of responsibility. As to plaintiff's first argument, defendant apparently wants this Court to hold an evidentiary hearing regarding the attack to compensate for appellate counsel's failure to request it.[8] The Court is puzzled at defendant's assertion that an evidentiary hearing was not held concerning this issue. The Court was ready, willing and able to hear evidence at the time of sentencing. At sentencing, the Court specifically told defendant that he had the right to take the stand and testify that he did not participate in the attack. See Transcript (Doc. # 74) filed May 11, 1999 at 23:15–19. Though he argued that he was not guilty, defendant did not testify. Defendant's failure to present evidence does not mean that the Court denied him a hearing on the issue. Based on the presentence investigation report and defendant's failure to contradict it, the Court found that defendant did not meet his burden of proving his entitlement to a credit for acceptance of responsibility. On direct appeal, the Tenth Circuit agreed. See *Prince*, 204

8. In his initial Section 2255 petition, defendant did not challenge appellate counsel's failure to seek an evidentiary hearing and he does not present any justification for his failure to do so.

F.3d at 1024. Even if defendant had properly presented this issue in his initial Section 2255 petition, he would not have been able to show prejudice under Strickland.

 As to defendant's second ineffective assistance of appellate counsel claim, the Court notes that counsel did argue that unrelated criminal conduct should not support a denial of a credit for acceptance of responsibility. The Tenth Circuit affirmed this Court's ruling on that issue. "Absent an intervening change in the law of a circuit, issues disposed of on direct appeal generally will not be considered on a collateral attack by a motion pursuant to Section 2255." *U.S. v. Prichard,* 875 F.2d 789, 791 (10th Cir.1989) (citing *United States v. Nolan,* 571 F.2d 528, 530 (10th Cir.1978)); see also *United States v. Warner,* 23 F.3d 287, 291 (10th Cir.1994). Defendant does not cite any new law which applies that would justify another examination of the merits of this issue, and the Court is not aware of any such law. Due to defendant's failure to raise these arguments in his initial Section 2255 petition and their lack of merit, the Court finds that he cannot now base his motion for reconsideration upon them.

In his motion to expand the record, defendant also seeks a court order that Montgomery Akers, a fellow inmate who is apparently not an attorney, assist him as counsel and argue at any evidentiary hearings on his behalf. Under 28 U.S.C. § 1654, individuals may only appear in federal court pro se or through legal counsel. Non-party laypersons may not represent litigants. See *Zhu v. Countrywide Realty Co., Inc.,* No. 01–2067–KHV, 2001 WL 533200, at *2 (D.Kan. May 10, 2001). Defendant is free to accept the advice and assistance of Akers or, for that matter, any other person. Defendant, however, retains legal responsibility for his case. See *Herrera–Venegas v. Sanchez–Rivera,* 681 F.2d 41, 42 (1st Cir.1982).

**IT IS THEREFORE ORDERED** that defendant's Motion For Reconsideration (Doc. # 92) filed August 21, 2001 and First Amended Motion For Reconsideration (Doc. # 93) filed September 5, 2001 be and hereby are **OVERRULED.**

**IT IS FURTHER ORDERED** that defendant's Motion To Expand The Record (Doc. # 96) filed September 17, 2001 be and hereby is **OVERRULED.**