NOT DESIGNATED FOR PUBLICATION

Nos. 114,316
114,317
114,318

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

JOSEPH ESTES,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID J. KAUFMAN, judge. Opinion filed May 6, 2016.
Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before MCANANY, P.J., PIERRON and SCHROEDER, JJ.

*Per Curiam*: Joseph Estes appeals the district court's decision to revoke his probation in case Nos. 13CR2729, 13CR2997, and 14CR1163, ordering him to serve his modified underlying sentence of 42 months' imprisonment. We grant Estes' motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). Finding no abuse of discretion, we affirm.

FACTS

Estes was on probation for 24 months in three separate cases: 13CR2729, 13CR2997, and 14CR1163 with consecutive sentences totaling 109 months. On

1

November 14, 2014, the district court revoked and reinstated Estes' probation in the three cases assigning him to the supervision of Residential Services.

A revocation hearing was held in all three cases. Estes stipulated to failing to remain at his place of assignment, driving without a license, traveling out of state without the permission of the district court, and to repeated contact with a former employee of the Residential Community Corrections in violation of the district court's no-contact order. The district court previously ordered Estes to cease all contact with a female corrections officer due to her potential pending criminal charges following the revelation of a romantic relationship between her and Estes at Residential Community Corrections.

Estes argued there were mitigating circumstances the district court should consider regarding the violations he stipulated to. Estes argued he only drove without a license and traveled out of state in order to remain employed as he only traveled out of state for work purposes. As to the contact with a former member of Residential Community Corrections, Estes admitted he had a relationship with his former probation officer. Estes alleged she had pursued him and he "was unfortunately not able to and decided not to withhold—withhold himself from being involved in something like that with her." Estes asserted there was no physical relationship with her while he was at Residential Community Corrections.

Estes' probation was revoked without the imposition of intermediate sanctions pursuant to K.S.A. 2015 Supp. 22-3716(c)(8) or (9), and he was ordered to serve a modified 42-month imprisonment term for the violations in all three cases. The district court made the following findings:

"I am going to revoke the probation and—and impose a modified sentence, which I'll come to in just a moment. But the record I need to make as far as sending Mr. Estes to prison is as follows: First of all, I don't think Mr. Estes is—is amenable to probation, and I

2

don't think the welfare of him or the public is—Just a second here. I apologize. I don't think the—Specifically, I don't think the welfare of Mr. Estes is served by reinstating probation or imposing any—any intermediate sanction; and the lack of amenability to probation is in part based on, first of all, the—the seriousness of the violation as it relates to a relationship with a corrections worker. That—That goes to the integrity of the program of Community Corrections, which is under the umbrella of the Kansas Department of Corrections, and generically speaking, even though Mr. Estes is referred to as a client, technically he's an inmate, and . . . the corrections worker, is generically correctly categorized there, and the integrity of the program is jeopardized by a relationship that was on going and continued to be pursued even on April 17th, and that does affect the safety of the members of the public. The notion that an inmate is having a romantic relationship with a corrections worker can lead to devastating consequences . . . .

"It's—There's—There has been some comment, by the way, about the March 5th warrant on my orders and the seriousness of my orders. I just want the record to reflect that there's nothing personal here. I thought it was in the best interest of Mr. Estes, and I thought it was in the best interest of [the corrections officer] to have no contact. Frankly, Mr. Estes kind of complicated his life even more by doing those actions; but it really— the question in my mind is what is an appropriate sentence, and having made the record now on what I think is a valid basis for lack of amenability to probation and therefore the welfare of Mr. Estes not being served by imposing any earlier sanction or intermediate sanction or even a quick dip through the Department of Corrections, plus the safety of the members of the public being jeopardized, and that just in part goes to the integrity of the program being jeopardized, the reality is Mr. Estes should not go back to Residential Community Corrections. You cannot—That doesn't mean that I couldn't do that, but he should not go back when you have this type of allegation and the seriousness of it. But I also don't think 109 months is—is what's necessary here. Therefore, I've made my record there."

Estes timely appeals.

ANALYSIS

On appeal, Estes argues the district court abused its discretion in revoking his

3

probation without first ordering an intermediate sanction pursuant to K.S.A. 2015 Supp. 22-3716.

Once the State has proven a violation of probation, probation revocation rests within the sound discretion of the district court and will not be overturned absent an abuse of discretion. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). A district court abuses its discretion if its judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). Unless otherwise required by law, probation is a privilege, not a right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Effective July 1, 2013, prior to revoking an offender's probation, the district court must first impose intermediate sanctions absent certain exceptions. See K.S.A. 2015 Supp. 22-3716(c).

> "The legislature has therefore clarified that the date that controls the law that applies to the imposition of sanctions for violating probation is the law that existed when the defendant violated probation, not the law that existed when the defendant committed the underlying crime as this court held in [*State v. ]Dreier*[, 29 Kan. App. 2d 958, 34 P.3d 480 (2001)], nor the law in effect when the probation hearing occurred." *State v. Kurtz*, 51 Kan. App. 2d 50, 56, 340 P.3d 509 (2014), *rev. denied* 302 Kan. ___ (2015).

The district court may revoke probation without imposing an intermediate sanction if:

> "the offender commits a new felony or misdemeanor or absconds from supervision while the offender is on probation . . . .
> ". . . [or] if the court finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction." K.S.A. 2015 Supp. 22-3716(c)(8)-(9).

"[T]he guarantee of an intermediate sanction for a first probation violation is not absolute: A district court may order a felon to serve the underlying sentence for his crime

4

if it relies with specific findings on one of the reasons provided by statute." *State v. Harding*, No. 110,677, 2014 WL 3630554, at *3-5 (Kan. App. 2014) (unpublished opinion), *rev. denied* 302 Kan. ___ (2015).

The district court was required to state which statutory exception it was relying upon when it revoked Estes' probation and remanded him to the Department of Corrections to serve his modified sentence of 42 months without first imposing intermediate sanctions. See *Harding*, 2014 WL 3630554, at *3-5. "'When something is to be set forth with particularity, it must be distinct rather than general, with exactitude of detail, especially in description or stated with attention to or concern with details.'" *State v. Miller*, 32 Kan. App. 2d 1099, 1102, 95 P.3d 127 (2004) (quoting *State v. Huskey*, 17 Kan. App. 2d 237, Syl. ¶ 2, 834 P.2d 1371 [1992].) The district court clearly stated why it felt Estes was a danger to the public; its decision was not arbitrary, fanciful, or unreasonable. The district court did not abuse its discretion by revoking Estes' probation without first imposing intermediate sanctions.

Affirmed.