No. 66,457

STATE OF KANSAS, *Appellant,* v. GERALD M. FREEMAN, *Appellee.*

(822 P.2d 68)

Opinion filed December 6, 1991.

*C. William Ossmann,* assistant district attorney, argued the cause, and *Gene M. Olander,* district attorney, and *Robert T. Stephan,* attorney general, were with him on the brief for appellant.

*Cindy K. Sewell,* assistant district defender, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

ALLEGRUCCI, J.: The State appeals the district court's granting of the defendant's motion to dismiss for lack of jurisdiction. This court's jurisdiction is invoked pursuant to the provision of K.S.A. 22-3602(b)(3) for an appeal by the prosecution upon a question reserved.

The facts are not in dispute. Defendant Gerald M. Freeman entered a plea of no contest to one count of unlawful deprivation of property on December 1, 1988. Freeman was placed on probation for a period of two years from that date and ordered to pay $20,000 to Highland Park State Bank "in regular monthly payments consistent with his income."

Freeman's probation status report, dated December 13, 1990, shows the amount of restitution remaining to be paid at $19,864. The probation officer recommended a two-year reinstatement of probation based on the large amount remaining.

On December 13, 1990, the probation officer mailed an order to extend probation and a waiver of right to probation extension hearing form to Freeman for his signature. He signed the waiver form on December 14, 1990. The district court's order to extend probation for two years was filed on December 20, 1990.

On January 31, 1991, Freeman filed in the district court a motion to dismiss the probation extension action for lack of jurisdiction. Defendant argued that, when his period of probation expired on December 1, 1990, without State action having been taken for extending it beyond the two-year period initially ordered, the district court lost jurisdiction over the subject matter.

After a hearing on March 20, 1991, the district court sustained defendant's motion. The district court ruled that K.S.A. 1990 Supp. 22-3716· is substantive and, therefore, cannot be applied retroactively to extend the period of Freeman's probation. It concluded that the State had failed to comply with the provisions of K.S.A. 22-3716, the version in effect in 1988. Further, it concluded that the State had failed to comply with the provisions of the statute as amended in 1990.

We first consider whether this court should exercise jurisdiction pursuant to K.S.A. 22-3602(b)(3). The question was specifically reserved by the State. The rule of this court with regard to the entertainment of questions reserved by the State in a criminal proceeding is that such appeals

"have been generally accepted where they involve questions of statewide interest important to the correct and uniform administration of the criminal law. *State v. Glaze*, 220 Kan. at 325. As we noted in *State v. Holland*, [236 Kan. 840,] recently enacted statutes which have not previously been before this court are appropriate subjects of questions reserved. 236 Kan. at 841." *State v. Adee*, 241 Kan. 825, 826-27, 740 P.2d 611 (1987).

The present case involves the applicability of subsection (4) of K.S.A. 1990 Supp. 22-3716. It was enacted in 1990 and became effective July 1 of that year. This matter has not previously been before this court, although the district court's references to other rulings on this question indicate that a number of trial courts have been confronted with it. We find it is a matter of statewide interest and is important to the administration of the criminal law and conclude it is a proper question for an appeal by the State on a question reserved.

The question presented is which version of 22-3716 governs whether the district court had jurisdiction following the end of the term of probation—the version in effect when the offense was committed and the period of probation began or the version in effect when probation ended?

K.S.A. 22-3716 sets out the procedure to be followed when the State acts upon a defendant's violation of any of the conditions of probation. Before amendment in 1990, 22-3716(1) provided, in part:

"At any time during probation, assignment to a community correctional services program or suspension of sentence, the court may issue a warrant for the arrest of a defendant for violation of any of the conditions of release or assignment or a notice to appear to answer to a charge of violation."

This is the version of the statute which was in effect at the time Freeman committed the criminal offense for which he was serving probation and when his period of probation began.

The current version of the same provision states, in part:

"At any time during probation, assignment to a community correctional services program, suspension of sentence or pursuant to subsection (4), the court may issue a warrant for the arrest of a defendant for violation of any of the conditions of release or assignment or a notice to appear to answer to a charge of violation." K.S.A. 1990 Supp. 22-3716(1).

Subsection (4) was added in 1990 and extended the time in which the State may act on a defendant's violation of probation conditions. It states the following:

"The court shall have 30 days following the date probation, assignment to a community correctional service[s] program or suspension of sentence was to end to issue a warrant for the arrest or notice to appear for the defendant to answer a charge of a violation of the conditions of probation, assignment to a community correctional service[s] program or suspension of sentence."

This is the version of the statute which was in effect at the time Freeman's probationary period expired.

If the current version of the statute with its 30-day "grace period" applies in the circumstances of the present case, the action taken by the State to extend Freeman's probationary period for his failure to satisfy the condition of restitution would be timely.

The State argues that 22-3716 is procedural rather than substantive. It quotes *State v. Hutchison*, 228 Kan. 279, Syl. ¶ 8, 615 P.2d 138 (1980), to this effect: "As related to criminal law and procedure, *substantive law* is that which declares what acts are crimes and prescribes the punishment therefor; whereas *procedural law* is that which provides or regulates the steps by which one who violates a criminal statute is punished." The State points out that the statute is part of the Kansas Code of Criminal Procedure rather than the Kansas Criminal Code. Thus, the argument continues, the general rule that statutes are to be construed to operate prospectively "is modified where the statutory change is merely procedural . . . and does not prejudicially affect the substantive rights of the parties." 228 Kan. 279, Syl. ¶ 7.

Freeman argues that an extension of the period of probation prejudicially affects his substantive rights. He cites, among other cases, *State v. Sutherland*, 248 Kan. 96, 804 P.2d 970 (1991), for the proposition that "the penalty for an offense is that provided by statute at the time the offense was committed." 248 Kan. at 107-08. The penalty for his criminal offense was a two-year period of probation, not to be extended unless State action was taken before the period expired. Application of the amended version of 22-3716 in the circumstances of the present case would alter the punishment itself in that it would result in lengthening his penalty.

In *Sutherland*, substantive criminal law was described as dealing with the "length of the sentence to be imposed and not merely how the sentence is to be served or how the length of the sentence is to be determined." 248 Kan. at 106-07. The statute at issue in *Sutherland* was K.S.A. 1989 Supp. 21-4603(3), which deals with the district court's authority to modify a sentence. The alternative versions of the statute provided that, at any time within 120 days of sentencing, the district court *may* modify a sentence and *shall* modify a sentence if recommended by the State Reception and Diagnostic Center. This court concluded that, even though the statute was not an express prescription for the length of the penalty, it affected the *punishment* itself:

"The sentence to be served was subject to reduction, and the defendant could also have been placed on probation. . . . Thus, it deals with the length of the sentence to be imposed and not merely how the sentence is

to be served or how the length of the sentence is to be determined." 248 Kan. at 106-07.

The statutory amendment, therefore, was to be applied prospectively and not to Sutherland's case.

The reasoning of *Sutherland* applies in the present case. First, it is noted that the legislature did not include language in K.S.A. 1990 Supp. 22-3716(4) to indicate that it intended the statute to operate retroactively. Thus, if the statute prejudicially affects the substantive rights of defendant, it operates prospectively. The statute is not a prescription for the length of the penalty. Nevertheless, it effectively enhances the punishment itself. The statute provides, in part:

"If the violation is established, the court may continue or revoke the probation, assignment to a community correctional services program or suspension of sentence and may require the defendant to serve the sentence imposed, or any lesser sentence, and, if imposition of sentence was suspended, may impose any sentence which might originally have been imposed." K.S.A. 1990 Supp. 22-3716(2).

The defendant's probation was subject to being revoked or continued. If probation were revoked, the defendant would be required "to serve the sentence imposed, or any lesser sentence." The application of K.S.A. 1990 Supp. 22-3716 in the present case would have extended the period of his punishment from two years to at least four years. Thus, the statute prejudicially affected the substantive rights of defendant; therefore, it is substantive and operates prospectively and not retroactively. We conclude that K.S.A. 1990 Supp. 22-3716(4) is not applicable to the present case.

The appeal on the question reserved is denied.