NOT DESIGNATED FOR PUBLICATION

No. 112,123

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KENNETH PETERS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed October 23, 2015. Affirmed.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before PIERRON, P.J., BRUNS and SCHROEDER, JJ.

*Per Curiam*: Kenneth Peters appeals the revocation of his probation and the trial court's failure to impose intermediate sanctions before ordering him to serve his underlying prison sentence. We affirm.

In 2013, Peters pled guilty to an offender registration violation, a severity level 6, person felony. On June 14, 2013, the trial court sentenced Peters to an underlying prison term of 38 months' incarceration and then granted a downward dispositional departure to a probation term of 24 months' community corrections. The court granted the departure

based on several factors: (1) Peters' acceptance of responsibility; (2) his entering a plea; (3) the lesser degree of harm for the offense; (4) Peters' age; (5) Peters' paranoid schizophrenia; (6) better treatment in community corrections; (7) Peters' convictions were over 10 years old; (8) there were no prior charges for failure to register; and (9) the State had joined in the departure recommendation. Despite the court's extreme leniency, Peters quickly violated the conditions of his probation.

On July 12, 2103, the State filed a warrant alleging Peters had violated his probation by consuming alcohol on July 11, 2013, and failed an alcohol breath test. At a hearing on August 8, 2013, the parties discussed the 2013 amendments to the probation violation statutes and the application to Peters. Peters admitted to the probation violation and waived his right to an evidentiary hearing. The trial court revoked Peters' probation and reinstated probation after ordering Peters to serve 2 days in the county jail. It was not too long before Peters was again before the trial court on alleged violations of his probation.

On October 7, 2013, the State filed a second warrant alleging Peters violated his probation. The allegations included: (1) on 9/11/13, failure to engage in Crisis Transition-Case Management and was discharged on 10/1/13; (2) on 9/20/13, failure to attend medication management appointment at ComCare; (3) on 9/30/13, failure to report to ISO; (4) failure to pay court costs/restitution for September 2013; (4) failure to pay Shawnee County Department of Corrections Adult Intensive Supervision Programming fees for September 2013; and (5) on 10/4/13, failure to report to the intensive supervision officer. Prior to a probation revocation hearing, the trial court granted a motion to determine Peters' competency to proceed with this matter. The proceedings were suspended until completion of Peters' evaluation. In May 2014, Peters was found competent to stand trial for the probation violation.

The trial court held a second probation violation hearing on May 6, 2014. Peters again admitted to the alleged violations in the probation warrant. The court made several findings applicable to Peters' sentence following the probation violation. First, the court found the intermediate sanction provisions of K.S.A. 2013 Supp. 22-3716 were not retroactive because the offense and sentencing occurred prior to July 1, 2013, the effective date of the statute. Second, the court found alternatively that if K.S.A. 2013 Supp. 22-3716 applied retroactively that Peters' two consecutive failures to report constituted absconding under K.S.A. 2013 Supp. 22-3716(c)(8), and would be sufficient to revoke his probation. Third, the court made an additional alternative holding and found the public safety exception under K.S.A. 2013 Supp. 22-3716(c)(9) also allowed for revoking Peters' probation due to his paranoid schizophrenic diagnosis, his history of auditory hallucinations, his ongoing medication requirements for schizophrenia, and his failure to complying with his medication regimen. Fourth, the court held Peters' welfare would not be served under the new intermediate sanctions as he would not have the availability of the mental health services from Larned State Hospital. The court committed Peters to the Larned State Hospital for service of his original prison sentence. Peters appeals.

Although some of the trial court's initial conclusions were incorrect, we find no abuse of discretion in its ultimate decision to deny Peters' intermediate sanctions under K.S.A. 2013 Supp. 22-3716.

First, the intermediate sanction provisions are retroactive and applicable to Peters. K.S.A. 2014 Supp. 3716(c)(12) expressly provides: "The violation sanctions provided in this subsection shall apply to any violation of conditions of release or assignment or a nonprison sanction occurring on and after July 1, 2013, regardless of when the offender was sentenced for the original crime or committed the original crime for which sentenced." See *State v. Kurtz*, 51 Kan. App. 2d 50, 56, 340 P.3d 509 (2014) ("The legislature has therefore clarified that the date that controls the law that applies to the

3

imposition of sanctions for violating probation is the law that existed when a defendant violated probation, not the law that existed when the defendant committed the underlying crime as this court held in *Dreier* [29 Kan. App. 2d 958], nor the law in effect when the probation hearing occurred."). The events of Peters' probation violation occurred in September and October 2013. Consequently, the applicability date of July 1, 2013, for imposing intermediate sanctions was met and the trial court's finding of no retroactivity was incorrect.

K.S.A. 2014 Supp. 22-3716 governs the available sanctions the trial court could impose upon a finding that Peters had violated his probation. The statute provides that a sentencing court should generally give a probation violator one of the various graduated intermediate sanctions it lists before ordering that the probationer serve the underlying prison sentence. K.S.A. 2014 Supp. 22-3716(c)(l) sets out those sanctions in its several subsections.

However, the trial court is not always required to impose an intermediate sanction before remanding a probationer to prison. The court can revoke probation without imposing one of the graduated sanctions found under K.S.A. 2014 Supp. 22-3716(c) if the court "finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction." K.S.A. 2014 Supp. 22-3716(c)(9). Similarly, the court can bypass intermediate sanctions if it finds that the offender has absconded from supervision. K.S.A. 2014 Supp. 22-3716(c)(8).

The State needed to prove by a preponderance of the evidence that Peters had committed a violation of the conditions of his probation. See *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). Peters does not challenge the finding that he violated his probation. He stipulated to his violations. Once a violation of probation has been found, the resulting disposition is within the trial court's sound discretion. 281 Kan. at

4

1170. The abuse of discretion standard still applies to disposition decisions under K.S.A. 2014 Supp. 22-3716(c)(8) or (9).

However, the trial court made alternate findings if the 2013 amendments were retroactive. The court found that if K.S.A. 2013 Supp. 22-3716 applied retroactively then Peters' two consecutive failures to report constituted absconding under K.S.A. 2013 Supp. 22-3716(c)(8), and would be sufficient to revoke his probation.

The State argues there is currently a split of authority as to whether the State is required to prove that a defendant is an absconder. The State cites *State v. Carpenter*, No. 111,029, 2015 WL 770208, at *5 (Kan. App. 2015) (unpublished opinion), *rev. denied* 302 Kan. ___ (August 13, 2015), where a panel of our court determined that the State was not required to prove that a defendant was an absconder for the district court to find that she had absconded from supervision when she had not reported to her probation officer for 2 months. However, the *Carpenter* court's decision concerning absconding was dicta because it had already found the district court had not abused its discretion in bypassing additional intermediate sanctions because imposition of those sanctions would not serve Carpenter's welfare. The court found Carpenter had not availed herself of the services—treatment for alcoholism, violent aggressive behavior, finding stable residence—her supervising officers attempted to provide that could have improved her condition and kept her out of custody. 2015 WL 770208, at *5

In *State v. Huckey*, 51 Kan. App. 2d 451, 348 P.3d 997 (2015), *rev denied* 302 Kan. ___ (August 12, 2015), another panel of this court found that if the imposition of intermediate sanctions is to be avoided in the event probation is revoked due to the probationer absconding from supervision, the State must allege that the probationer has absconded and must prove, at an evidentiary hearing, by a preponderance of the evidence that the probationer has absconded. Another panel of this court recently followed *Huckey* in *State v. Anhorn*, No. 111,903, 2015 WL 3632493 (Kan. App. 2015) (unpublished

5

opinion). Anhorn failed to report for a period of 3 months, he left the state without telling his probation officer or providing a forwarding address, and he was arrested in Nebraska. The *Anhorn* court applied a stricter definition by finding that "absconding from supervision within the meaning of the relevant Kansas statute requires something more than failing to report." 2015 WL 3632493, * 3. The *Anhorn* court held:

> "We find no procedural error in the manner in which this evidence was presented. The district court held an evidentiary hearing at which the State was required to prove, and did prove, by a preponderance of the evidence that the probationer had absconded from supervision. See *Raiburn*, 289 Kan. at 331-33, 212 P.3d 1029; *Huckey*, 2015 WL 1874459, at *4; *Campbell*, 2010 WL 198502, at *2." *Anhorn*, 2015 WL 3632493, * 3

Here, the trial court found that based on Peters' stipulation that he failed to report to his probation officer for 2 months, he had absconded from supervision. We find pursuant to *Huckey* and *Anhorn*, the trial court's finding was insufficient. Had it not been for the trial court's alternative reliance on Peters' welfare or public safety factors, we would remand for an evidentiary hearing for the State to prove by a preponderance of the evidence that Peters had absconded from supervision.

Although the trial court failed to properly find that Peters was an absconder, we still hold that the court did not abuse its discretion in denying intermediate sanctions. The court's third and fourth alternative holdings were pursuant to the public safety and welfare of the defendant exceptions to application of intermediate sanctions.

We apply an abuse of discretion standard to review the trial court's decision to revoke Peters' probation and order him to serve his underlying sentence. See *State v. Raiburn*, 289 Kan. 319, 332-33, 212 P.3d 1029 (2009); *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). Judicial discretion is abused if the action is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact.

6

*Fischer v. State*, 296 Kan. 808, Syl. ¶ 8, 295 P.3d 560 (2013). Peters bears the burden of showing such abuse of discretion. See *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

The trial court found the public safety exception under K.S.A. 2013 Supp. 22-3716(c)(9) also allowed for revoking Peters' probation due to his paranoid schizophrenic diagnosis, his history of auditory hallucinations, his ongoing medication requirements for schizophrenia, and his failure to comply with his medication regimen. The court also held that Peters' welfare would not be served under the new intermediate sanctions of a 120- or 180-day prison internment as he would not have the availability of the mental health services from Larned State Hospital.

The trial court set forth with sufficient particularity its reasons for finding that the safety of the members of the public would be jeopardized and that Peters' welfare would not be served by such intermediate sanctions. See K.S.A. 2014 Supp. 22-3716(c)(9). Peters' admitted that he failed to engage in crisis transition case management. The State argued this was also Peters' second probation violation and the Larned competency evaluation that postponed the case indicated Peters would benefit from further mental health services provided at Larned. The State asserted that if Peters refused to take his medication as ordered, then he was clearly a risk to the community and himself. Accordingly, we find no abuse of discretion in the trial court's denial of intermediate sanctions.

Affirmed.