IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 117,341

STATE OF KANSAS,
*Appellee*,

v.

TERRY RAY HAYES,
*Appellant.*

SYLLABUS BY THE COURT

Because the 2013 amendments to the sentencing provisions of K.S.A. 21-6620 are procedural in nature and do not change the legal consequences of acts completed before its effective date, the retroactive application of those sentencing procedures do not violate the Ex Post Facto Clause of Article I, § 10 of the United States Constitution.

Appeal from Johnson District Court; JAMES CHARLES DROEGE, judge. Opinion filed November 30, 2018. Affirmed.

*Christina M. Kerls*, of Kansas Appellate Defender Office, was on the brief for appellant.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

PER CURIAM: A jury convicted Terry Ray Hayes of first-degree premeditated murder, and the sentencing judge imposed the enhanced sentence of life without the possibility of parole for 50 years (hard 50 sentence). On direct appeal, this court affirmed Hayes' murder conviction but vacated the hard 50 sentence because Kansas' statutory scheme for imposing the enhanced sentence violated Hayes' right to a jury trial under the Sixth Amendment to the United States Constitution. *State v. Hayes*, 299 Kan. 861, 327

1

P.3d 414 (2014). Upon remand, the district court applied intervening curative legislation, now codified at K.S.A. 2017 Supp. 21-6620, to again impose a hard 50 sentence. Hayes now appeals that new hard 50 sentence, claiming the district court's retroactive application of K.S.A. 2017 Supp. 21-6620 violated the prohibition on ex post facto laws. In accord with our recent holdings, we affirm Hayes' hard 50 sentence.

FACTUAL AND PROCEDURAL OVERVIEW

In 2011, a jury convicted Terry Hayes of premeditated first-degree murder for the August 5, 2010 shooting death of his estranged wife. At that time, the default sentence for premeditated first-degree murder was life without possibility of parole for 25 years (hard 25). See K.S.A. 21-4706(c); K.S.A. 2010 Supp. 22-3717(b)(1). The sentence could be enhanced to a hard 50 sentence if the sentencing judge found, by a preponderance of the evidence, that one or more aggravating factors existed and that the aggravators were not outweighed by mitigating circumstances. K.S.A. 21-4635.

Hayes' sentencing judge employed the statutory procedure to impose a hard 50 sentence, after finding Hayes had committed the murder in an especially heinous, atrocious, or cruel manner and the aggravated circumstance was not outweighed by any mitigating factors. Hayes appealed that hard 50 sentence.

While Hayes' first appeal was pending, the United States Supreme Court issued its opinion in *Alleyne v. United States*, 570 U.S. 99, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013). *Alleyne* held that the facts a sentencing court relies upon to increase an offense's mandatory minimum sentence are elements of that enhanced offense. As such, those sentence-enhancing facts must be proved to a jury beyond a reasonable doubt to avoid a violation of the defendant's Sixth Amendment right to jury trial. 570 U.S. at 114-15. Subsequently, in *State v. Soto*, 299 Kan. 102, 124, 322 P.3d 334 (2014), this court held that in light of *Alleyne*'s holding, K.S.A. 21-4635's procedure for imposing a hard 50

2

sentence violates the Sixth Amendment by permitting a judge to make the fact-finding necessary to impose an increased mandatory minimum sentence, rather than requiring a jury to find the existence of aggravating factors beyond a reasonable doubt.

In resolving Hayes' initial appeal, this court affirmed Hayes' murder conviction but held that under *Alleyne* and *Soto*, Hayes' hard 50 sentence was imposed in violation of his Sixth Amendment right to a jury trial. Accordingly, this court vacated the hard 50 sentence and remanded the case for resentencing. *Hayes*, 299 Kan. at 868.

On remand, the State gave notice of its intent to pursue a hard 50 sentence again pursuant to the retroactive application provisions of K.S.A. 2017 Supp. 21-6620, which the Legislature amended in 2013 to alter the procedure for imposing a hard 50 sentence and bring it in line with the holding in *Alleyne*. See L. 2013, ch. 1, § 1 (Special Session). The amended statute requires that, before a hard 50 sentence may be imposed, a jury must find beyond a reasonable doubt that at least one aggravating circumstance exists and that the aggravating circumstance(s) are not outweighed by any mitigating circumstances.

Hayes filed a motion asking the district court to find that retroactive application of the 2013 amendments to K.S.A. 21-6620 violates the Ex Post Facto Clause of the United States Constitution. See U.S. Const. art. I, § 10. Following a hearing, the district court denied Hayes' motion. Hayes subsequently waived his right to have a jury make any findings of aggravating and mitigating circumstances and instead tried the hard 50 issue to the district court judge on stipulated evidence with the understanding that Hayes retained his right to appeal the district court's ruling on the ex post facto issue.

The district court found that the State proved beyond a reasonable doubt that two aggravating circumstances were established and that the established aggravating circumstances were not outweighed by any mitigating circumstances. The district court then imposed a hard 50 sentence for Hayes' murder conviction. Hayes timely appealed

3

the district court's determination that it could retroactively apply the hard 50 sentencing procedures of K.S.A. 2017 Supp. 21-6620.

RETROACTIVE APPLICATION OF 2013 AMENDMENTS TO K.S.A. 21-6620

As noted, Hayes committed the murder in 2010, but he was sentenced under the procedures established by the Legislature in 2013. Citing to *State v. Williams*, 291 Kan. 554, 560, 244 P.3d 667 (2010), *overruled on other grounds by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015), Hayes points out that it is a "fundamental rule" that a defendant must be sentenced "in accordance with the penalty provisions in effect at the time the crime was committed." He argues that his resentencing violated that rule and resulted in a violation of the prohibition against ex post facto laws.

*Standard of Review*

"This court reviews questions of both statutory and constitutional law de novo." *State v. Bernhardt*, 304 Kan. 460, 478, 372 P.3d 1161 (2016).

*Analysis*

Article I, § 10 of the United States Constitution prohibits, *inter alia*, any state from passing an ex post facto law, i.e., a law that changes the legal consequences of acts completed before the law's effective date. See *State v. Prine*, 297 Kan. 460, 470, 303 P.3d 662 (2013) (crucial question in evaluating ex post facto claim is whether the law changes legal consequences of acts completed before effective date of law). This court has applied United States Supreme Court precedent to interpret the prohibition in the Ex Post Facto Clause as requiring two elements: "'(1) The law must be retrospective, applying to events occurring before its enactment, and (2) it must alter the definition of criminal conduct or

4

increase the penalty by which a crime is punishable.' [Citations omitted.]" *Bernhardt*, 304 Kan. at 479.

Hayes argues that the Legislature's fix of the hard 50 sentencing procedure after *Alleyne* effectively changed the elements of the murder charge on which he was convicted, thereby creating a new definition of the crime he had already committed. Therefore, he claims, retrospective application of the provisions of K.S.A. 2017 Supp. 21-6620 to his resentencing violated the Ex Post Facto Clause of our federal Constitution.

The disconnect in Hayes' argument is characterizing the changes effected by K.S.A. 2017 Supp. 21-6620 as substantive, i.e., as changing the definition of the enhanced version of premeditated murder. That substantive characterization is critical to Hayes' argument because we have specifically declared that

> "[a] merely procedural law does not 'change[] the legal consequences of acts completed before its effective date' and therefore does not violate the Ex Post Facto Clause when applied retroactively. See [*State v. Todd*,] 299 Kan. at 278 (citing *Collins v. Youngblood*, 497 U.S. 37, 49-50, 110 S. Ct. 2715, 111 L. Ed. 2d 30 [1990]); see also *Dobbert v. Florida*, 432 U.S. 282, 293, 97 S. Ct. 2290, 53 L. Ed. 2d 344 (1977) ('Even though it may work to the disadvantage of a defendant, a procedural change is not ex post facto.')." *Bernhardt*, 304 Kan. at 480.

Hayes acknowledges that *Bernhardt* clearly held that the retroactive application of K.S.A. 2015 Supp. 21-6620's sentencing procedure does not violate the Ex Post Facto Clause. The rationale for that holding is that the retroactively applied statute only changed the procedure by which the hard 50 sentence is imposed; it did not change the definition of the criminal conduct involved or increase the minimum penalty. Hayes notes that the only factual distinction in *Bernhardt* was that it involved an initial sentencing rather than the resentencing upon remand presented here. But Hayes does not argue that the factual distinction is legally significant, and we discern that it is not.

5

Hayes' tack is to ask us to reconsider—and, obviously, to change—our ruling in *Bernhardt*. He urges us to find that K.S.A. 2013 Supp. 21-6620 added uncharged elements to his crime of conviction. His argument is that, prior to *Alleyne*, our courts did not realize that the aggravating factors required to elevate a conviction to a hard 50 sentence were actually elements of the crime that needed to be proved to a jury beyond a reasonable doubt. Consequently, he suggests that the new statutory procedure for a jury to find the hard 50 aggravating factors effectively transformed those aggravators into elements of the crime, thereby changing the definition of the crime.

In each year since deciding *Bernhardt*, this court has followed its holding that K.S.A. 2017 Supp. 21-6620 can be constitutionally applied retroactively. See *State v. Lloyd*, 308 Kan. 735, 742, 423 P.3d 517 (2018); *State v. Robinson*, 306 Kan. 431, 444, 394 P.3d 868 (2017). Pointedly, Lloyd also asked us to reconsider *Bernhardt* based on the exact legal arguments now asserted by Hayes. Indeed, Hayes' brief employs nearly identical language to that submitted by Lloyd's brief. We summarily rejected Lloyd's invitation to revisit *Bernhardt* based upon that creative, yet analytically flawed, argument. *Lloyd*, 308 Kan. at 742.

As we explained in *Bernhardt*, "it was not the hard 50 sentence, or the aggravating and mitigating factors used to determine its application, that the district judge held—and this court would later hold—unconstitutional; rather, it was the procedure for imposing the hard 50." 304 Kan. at 480. Hayes faced a minimum 50-year term of imprisonment when he committed the murder; that term was not retroactively increased. Moreover, regardless of whether one labels the hard 50 aggravating factors as sentence enhancers or elements, the 2013 amendments to K.S.A. 21-6620 did not change the description or definition of those aggravating factors. Likewise, it did not change the fact that a condition precedent to a hard 50 sentence is the State proving one or more aggravating factors that are not outweighed by mitigating circumstances. In other words, what the

6

State had to prove to effect a hard 50 sentence did not change; only the manner in which the State had to prove it changed.

In short, we decline to reverse our holdings in *Bernhardt*, *Robinson*, and *Lloyd*. The retroactive application of the hard 50 sentencing procedures in K.S.A. 2017 Supp. 21-6620 to Hayes' resentencing did not violate the Ex Post Facto Clause. The resentence is affirmed.

Affirmed.