NOT DESIGNATED FOR PUBLICATION

No. 127,430

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

NOE REYES-CARRERA,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Submitted without oral argument. Opinion filed October 17, 2025. Affirmed.

*Mark T. Schoenhofer*, of Wichita, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before WARNER, C.J., MALONE and CLINE, JJ.

CLINE, J: After Noe Reyes-Carrera was charged with several sex crimes against two minor victims, he sought a district court order authorizing an independent psychological examination of the victims. The district court denied his motion after finding that (1) K.S.A. 21-5112, which prohibits such examinations, applied to Reyes-Carrera's request, and (2) even if the court did not apply K.S.A. 21-5112 retroactively, Reyes-Carrera presented insufficient evidence to compel a psychological examination of the victims. Reyes-Carrera appeals the district court's denial of his motion. After reviewing the record, we see no error and therefore affirm the court's decision.

1

## FACTUAL AND PROCEDURAL BACKGROUND

In October 2020, the State charged Reyes-Carrera with several sex crimes against two minor victims, who were sisters. Before trial, Reyes-Carrera asked the district court to order an independent psychological examination of the two victims. He asserted that one of the victims admitted in her interview with a representative of the Exploited and Missing Children's Unit (EMCU) that she had a reputation for lying, she had underlying emotional issues relating to her sister, there had been unstable relationships among the family members, and that the children had a history of mental and emotional problems that involved counseling.

The State opposed Reyes-Carrera's motion. It argued that K.S.A. 21-5112, which took effect on July 1, 2021—during the pendency of Reyes-Carrera's case—should be applied retroactively. L. 2021, ch. 103, § 2. This law provides: "In any prosecution for a crime, a court shall not require or order a victim of the crime to submit to or undergo either a psychiatric or psychological examination." K.S.A. 21-5112(a). The State also contended that Reyes-Carrera provided no compelling reasons to justify the examinations.

The district court denied Reyes-Carrera's motion after a hearing. It found that, as a procedural statute, K.S.A. 21-5112 applied retroactively, and prohibited the court from ordering a psychological examination of the victims. The court also found Reyes-Carrera failed to establish a sufficient or compelling basis for his request for a psychological examination, noting Reyes-Carrera failed to connect the reasons he sought the examination to the subject matter of the case.

A jury ultimately found Reyes-Carrera guilty of three counts of aggravated indecent liberties with a child and one count of rape. Reyes-Carrera timely appeals the denial of his motion.

2

Reyes-Carrera claims the district court erred by applying K.S.A. 21-5112 retroactively and by alternatively finding no compelling reasons to order the examination. He argues the statute can only be applied prospectively since the Legislature did not include language signifying an intent for the statute to apply retroactively. And he contends the court abused its discretion when finding no compelling basis to order the examination.

*K.S.A 21-5112 is procedural and therefore applies retroactively.*

At the outset, we note the interpretation of K.S.A. 21-5112 presents a question of law over which we have unlimited review. *State v. Daniels*, 319 Kan. 340, 342, 554 P.3d 629 (2024).

Generally, a statute is interpreted as operating prospectively unless it contains clear language indicating the Legislature intended it to operate retroactively. *State v. Corbin*, 305 Kan. 619, 625, 386 P.3d 513 (2016). But there is an exception to this rule, if the change is procedural or remedial in nature and does not prejudicially affect a party's substantive rights. *State v. Bernhardt*, 304 Kan. 460, 479, 372 P.3d 1161 (2016). In those cases, we interpret the procedural change to apply to all actions, no matter when the actions accrued or were instituted. *Hayes v. State*, 34 Kan. App. 2d 157, 159, 115 P.3d 162 (2005).

Both parties acknowledge that K.S.A. 21-5112 is silent on its temporal scope. But while Reyes-Carrera bases his entire argument on this fact, the State accurately points out that our analysis does not end there since we must also determine whether the exception to the general rule applies. Since Reyes-Carrera makes no argument on the application of this exception, we find he has waived this issue on appeal. *State v. Gallegos*, 313 Kan.

262, 277, 485 P.3d 622 (2021) (Issues not adequately briefed are deemed waived or abandoned.). That said, we also agree with the State that the statute is a procedural one and therefore applies retroactively.

Within criminal law and procedure, substantive law defines criminal acts and prescribes length or types of punishment. See *State v. Dupree*, 304 Kan. 43, 54, 371 P.3d 862 (2016); see also *State v. Martin*, 270 Kan. 603, 608-10, 17 P.3d 344 (2001) (holding that penalty provisions for a criminal offense are substantive, not procedural law); *State v. Freeman*, 249 Kan. 768, 771-72, 822 P.2d 68 (1991) (holding that statute giving the State extra 30 days to file a motion to revoke probation was substantive because if applied, it altered the length of the defendant's probation); *State v. Sutherland*, 248 Kan. 96, 105-06, 804 P.2d 970 (1991) (holding that statute altering the district court's discretion in modifying a sentence affected the punishment itself and was substantive).

Procedural laws, on the other hand, provide or regulate the steps by which a person who violates a criminal statute is tried and punished. See *Dupree*, 304 Kan. at 54 (finding "the speedy trial statute is procedural because it 'provides or regulates the steps by which one who violates a criminal statute is punished'" [citing *State v. Hutchison*, 228 Kan. 279, 287, 615 P.2d 138 (1980)]); see also *State v. Hayes*, 308 Kan. 1520, 1525, 430 P.3d 427 (2018) (stating statutory amendment applied retroactively because it changed the *procedure* for imposing hard 50 sentences).

In other words, procedural statutes concern the manner and order of conducting the case or the mode of proceeding to enforce legal rights, while substantive statutes establish the rights of the parties and consequences for violating those rights. See *In re Kaul*, 269 Kan. 181, 184, 4 P.3d 1170 (2000).

K.S.A. 21-5112 does not alter the elements or definitions of any criminal act nor does it change the punishment for any crime. Rather, the statute merely eliminates a

discovery tool in a criminal defendant's arsenal. Thus, review of the plain language of K.S.A. 21-5112 reveals that it is procedural in nature and does not violate any substantive right. See, e.g. *In re Tax Appeal of American Restaurant Operations*, 264 Kan. 518, 540, 957 P.2d 473 (1998) (finding K.S.A. 60-237, a discovery statute, to be more procedural than substantive). We therefore find the district court did not err by retroactively applying K.S.A. 21-5112 to Reyes-Carrera's request for an independent psychological examination of the victims.

*Even if the statute did not apply, the district court did not err.*

Before the enactment of K.S.A. 21-5112, a district court could order a psychological examination of the complaining witness in a sex crime case if the defendant presented a compelling reason for such examination. *State v. Gregg*, 226 Kan. 481, 489, 602 P.2d 85 (1979). The following nonexhaustive list of factors were considered by the district court when deciding whether a psychological examination of sexual abuse victims was appropriate:

> "'(1) whether there was corroborating evidence of the complaining witness' version of the facts, (2) whether the complaining witness demonstrates mental instability, (3) whether the complaining witness demonstrates a lack of veracity, (4) whether similar charges by the complaining witness against others are proven to be false, (5) whether the defendant's motion for a psychological examination of the complaining witness appears to be a fishing expedition, and (6) whether the complaining witness provides an unusual response when questioned about his or her understanding of what it means to tell the truth.' [Citation omitted.]" *State v. McCune*, 299 Kan. 1216, 1231, 330 P.3d 1107 (2014).

The district court's decision to grant or deny a request for a psychological examination was reviewed under an abuse of discretion standard. 299 Kan. at 1230. A district court abuses its discretion by ruling in a way no reasonable person would under the circumstances, by ignoring controlling facts or relying on unproven factual

5

representations, or by acting outside the legal framework appropriate to the issue. *State v. Powell*, 308 Kan. 895, 902-03, 425 P.3d 309 (2018).

Reyes-Carrera essentially argues the district court abused its discretion by ignoring controlling facts since he contends there were compelling reasons to allow a psychological examination of the victims. He claims the older victim's admission of her reputation for lying evidenced her lack of veracity, and he notes that her mother also confirmed she had trouble telling the truth. Reyes-Carrera further alleges the older victim was on medication and that both victims were strongly influenced by their aunts, grandmother, and cousins suggesting that home life with Reyes-Carrera was not safe and that they needed to be removed from the home. He asserts that both victims witnessed a violent, physical assault of their mother by their aunts, and their mother's arrest. Apparently, the older victim told EMCU interviewers that her aunts barged into their home one night to remove the younger victim from the home. Reyes-Carrera also claims the older victim coaxed the younger victim into making allegations against him and that both victims were influenced by the fact that they were facing removal from the home through child in need of care actions.

Reyes-Carrera likens this situation to the one in *State v. Bourassa*, 28 Kan. App. 2d 161, 15 P.3d 835 (1999). There, the district court denied Bourassa's motion for a mental examination of the victim since there was direct evidence corroborating the charges. The court also found that even though no charges were filed against the victim's father, the abuser, in the past, it did not mean that the victim's past allegations were false. 28 Kan. App. 2d at 164, 166. But this court reversed that decision, finding that Bourassa provided facts showing the victim's instability and possible lack of veracity, such as: (1) the victim had mutilated two kittens the previous summer, (2) the victim had the tendency to soil herself, (3) the victim was taking Prozac and undergoing mental health counseling for behavioral disorders, and (4) while the victim stated the rape occurred in

the van, her sister, who was also present in the van, testified that nothing inappropriate happened in the van. 28 Kan. App. 2d 166-67.

As the State points out, there are stark distinctions between *Bourassa* and Reyes-Carrera's case. For one, Reyes-Carrera fails to present any evidence that the victims had prior mental health issues. His only argument relies on his own memorandum filed in the district court in support of his motion for an independent psychological examination, which states without any supporting evidence that "the children have a history of mental and emotional problems and have been involved in counseling." He does not explain how the traumatic family experiences he mentioned could have affected the victims' mentality nor does he address the timeline of when these experiences occurred and when the allegations of sexual abuse were made. Also, the only mention of the older victim taking medication was a statement she made in passing during her interview and she did not clarify the type or purpose of the medication.

As for a lack of veracity, Reyes-Carrera concedes there is no direct evidence of the younger victim having a reputation for dishonesty. And while he claims the younger victim only testified because she was coaxed by her mother and pressured by the older victim to admit that Reyes-Carrera abused her, the record does not support his allegation. The only evidence Reyes-Carrera presents to support this claim is the victims' mother testifying that she had to question the younger victim for answers because the younger victim was crying the whole time and did not talk. But this testimony does not show that the younger victim was coaxed or coerced into telling a lie or fabricating a story to corroborate her sister's allegations. And as the district court pointed out, he does not tie the older victim's alleged reputation for lying to the subject matter of the case.

Additionally, Reyes-Carrera fails to persuade us that the other factors articulated in *McCune* support ordering a psychological examination. 299 Kan. at 1231. While he notes there was no corroborating evidence, pointing out no one witnessed the victims

7

being abused and there was no medical evidence, such as DNA, showing signs of abuse, this factor is undercut by the fact that most of the abuse charged occurred well before the report was made. He also fails to acknowledge that the two victims' testimony corroborated each other.

Next, although Reyes-Carrera argues that his request for a psychological examination cannot be characterized as a fishing expedition, he only offers a conclusory statement in support—asserting that "so much evidence existed to suggest mental conditions played a role in the claims of abuse"—without specifying the evidence he is relying on.

Lastly, Reyes-Carrera claims that since neither victim was questioned about their understanding of what it means to tell the truth, this factor cannot be used to support the district court's decision. While true, this factor also does not undercut that decision. And as the State points out, no evidence was presented that either victim lied about the allegations, made similar charges against others that were proven false, or had recanted allegations.

Ultimately, the district court considered Reyes-Carrera's argument that the victims have a "reputation for lying and the hint of mental issue[s]" and that there were some indications of an inferiority complex or lack of self-worth and a need of self-attention. But it found such arguments provide an insufficient basis to compel an independent psychological examination. Reyes-Carrera fails to meaningfully address these findings or support his allegations through the record. As a result, we also affirm the district court's denial of Reyes-Carrera's motion on this alternative basis.

Affirmed.